UNITED STATES of America, Plaintiff,

v.

YONKERS CHILD CARE ASSOCIATION, INC., Hudson Valley National Bank, Westchester County Department of Social Services, Westchester County Sheriff's Office, Vincent K. Murtha, and Paul D. Jaffe, Defendants.

No. 82 Civ. 8416.

United States District Court,
S.D. New York.

July 25, 1983.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for plaintiff; William J. Brennan, Asst. U.S. Atty., New York City, of counsel.

Greenspan & Jaffe, White Plains, N.Y., for defendants Vincent K. Murtha and Paul D. Jaffe; Paul D. Jaffe, White Plains, N.Y., of counsel.

Samuel S. Yasgur, Westchester County Atty., White Plains, N.Y., for defendant Sheriff's Office; Peter J. Holmes, Senior Asst. County Atty., White Plains, N.Y., of counsel.

Griffin, Fanelli, Letsen & Coogan, Bronxville, N.Y., for defendant Hudson Valley Nat. Bank.

## OPINION

EDWARD WEINFELD, District Judge.

The United States and the defendant Vincent Murtha cross-move for summary judgment in this action brought by the government to enforce federal tax liens against a delinquent taxpayer, Yonkers Child Care Center ("YCCC"), which has defaulted. Two other defendants, the Hudson Valley National Bank and the Westchester Department of Social Services, hold funds of YCCC that both the government and Murtha claim, but these defendants assert no interest of their own in those funds. The government seeks judgment against the Westchester County Sheriff, also a de-

fendant herein,[1] who transferred funds to Murtha pursuant to a levy on YCCC's bank account under a judgment entered in favor of Murtha, discussed hereafter.

Since approximately early 1976, YCCC had failed to pay its FICA taxes. Assessments, notices and demands were served on YCCC on December 20 and 21, 1976, and April 18, June 27, October 17 and December 5, 1977. By December 5, the total unpaid assessed balance had reached $35,450.55. On March 1, May 17, August 18 and December 20, 1977, notices of the tax liens were filed with the New York Secretary of State. On September 19, 1980, the government served a notice of levy on the Sheriff.

Murtha, a former YCCC employee, after extensive litigation in state trial and appellate courts, recovered a default judgment against it for wrongful discharge. The judgment was entered in Supreme Court, Westchester County, on October 23, 1979. Executions were issued and pursuant thereto the Sheriff levied on YCCC's bank account, and two days later (November 11, 1979) received $11,239. The following month the default was vacated, however, but the judgment remained in effect as security. On March 26, 1981, after trial, a final judgment was entered in Murtha's favor for $18,500. Thereafter, on July 8, 1981, the funds (less poundage fees) which the Sheriff had previously recorded were turned over to Murtha.

■ Under 26 U.S.C., section 6322, when any person neglects or refuses to pay any federal tax upon demand, a federal tax lien arises "at the time the assessment is made and . . . continue[s] until the liability for the amount so assessed . . . is satisfied or becomes unenforceable by reason of lapse of time." The federal lien here thus arose, at the latest, on December 20, 1977—two years prior to the entry of Murtha's default judgment on October 23, 1979, which was vacated and subsequently re-entered on March 26, 1981. Accordingly, the federal lien is entitled to priority over the Murtha judgment.[2]

Murtha's arguments to the contrary are unavailing. His claim that the federal lien had to be served on the clerk of Westchester County is contrary to the New York Lien Law, section 240(2)(a), which provides that service on the Secretary of State is sufficient. The federal bankruptcy priority rules are irrelevant since no petition has been filed, and Murtha's mechanic's lien theory is inapposite.[3] Murtha's laches defense fails in view of the government's filing of its lien in 1977, and its subsequent acts with respect thereto. Finally, Murtha urges the Court to exercise its general equity authority in view of the nature of his litigation and his persistent effort to enforce his claim as to which he finally prevailed. But the statutory command controls.

■ Since the government has priority, it moves for judgment against the Sheriff to recover the $11,239 which he obtained pursuant to a levy against YCCC's bank account upon Murtha's 1979 judgment. After the government's notice of levy had been served on the Sheriff, Murtha's 1981 judgment was entered. It provided that "the sum presently held by the Sheriff of the County of Westchester obtained pursuant to an execution previously issued may now be remitted to [Murtha] or his attorney together with appropriate interest and less the appropriate fees and expenses of that office, *subject to the lien rights of the United States.*" Despite the underscored and explicit language in the judgment regarding the federal lien, the Sheriff transferred the funds to Murtha's counsel. Under 26 U.S.C., section 6332(c)(1), such conduct renders the Sheriff liable "in his own person."

In defense, the Sheriff raises two arguments: (1) that Murtha's rights are superior

---

1. Also named as a defendant is Murtha's counsel, Paul D. Jaffe. The government has represented to the Court, however, that it asserts no claim against him.

2. *United States v. Pioneer American Insurance Co.*, 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); *United States v. New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954).

3. *See, e.g.,* 26 U.S.C. § 6323(h)(2).

to the government's—which the Court has already rejected, and (2) that the Sheriff was compelled to turn over the funds by reason of the 1981 judgment. He further argues that because the funds were transferred "subject to the lien rights of the United States," the government's lien was preserved. However, this disregards the government's notice of levy entered six months previously. Moreover, the 1981 judgment itself was clear notice to the Sheriff of the government's existing lien. At a minimum, the Sheriff should have sought a judicial determination of the proper disposition of the funds.[4] His failure to do so was at his own peril. The government is entitled to judgment in its favor against the Sheriff for the amount improperly turned over to Murtha. It is also clear from the foregoing that since the government's lien has priority, it is also entitled to the funds held by the Westchester County Department of Social Services and the Hudson Valley National Bank.

In sum, the government's motion for summary judgment is granted, and Murtha's cross-motion is denied.

So ordered.